**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Abdur-Rahim, et al. | : | Case No. 2:17-cv-00601 |
| Plaintiffs, | : | Judge Sargus |
| v. | : | Magistrate Judge Vascura |
| The City of Columbus, et al. | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANTS CITY OF COLUMBUS,**
**CHIEF OF POLICE KIMBERLEY JACOBS, AND LIEUTENANT JEFFREY LIPP**

Defendants City of Columbus, Chief of Police Kimberley Jacobs, in her official capacity only, and Lieutenant Jeffrey Lipp, in his official capacity only, ("Defendants") admit, deny, and aver as follows to Plaintiffs' Complaint.

In response to the Introduction to Plaintiffs' Complaint, Defendants admit there was a demonstration near the Ohio Statehouse on January 30, 2017 and that voicing opposition to the newly released Travel Ban was one of the purposes of the demonstration.  Defendants aver the demonstration went on for several hours and that in the course of the demonstration, the demonstrators moved from the Statehouse southward to the area of the Franklin County Municipal Court.  As the demonstration subsequently moved northward from the area of the Court, several demonstrators stopped in the street at the intersection of South High Street and State Street, blocking vehicular traffic.  Despite repeated warnings, they refused to get out of the intersection, Columbus police officers eventually used what is commonly referred to as pepper spray to disperse the crowd that was stopped in the street.  Defendants deny the use of pepper spray by police officers was gratuitous.

1.      In response to Paragraph 1, Defendants admit this Court's jurisdiction over Plaintiffs' §1983 claims and pendent jurisdiction over the state law claims, but deny the instant action is appropriately maintained as a declaratory judgment action or an action for prospective injunctive relief.

2.      In response to Paragraph 2, Defendants admit venue.

3.      Defendants deny the allegations of Paragraph 3 for lack of information and knowledge.

4.      Defendants deny the allegations of Paragraph 4.

5.      Defendants deny the allegations of Paragraph 5 for lack of information and knowledge.

6.      Defendants deny the allegations of Paragraph 6.

7.      Defendants deny the allegations of Paragraph 7 for lack of information and knowledge.

8.      Defendants deny the allegations of Paragraph 8.

9.      Defendants admit the allegations of Paragraph 9.

10.     In response to Paragraph 10, Defendants admit Defendant Jacobs is the Columbus Chief of Police and that she is sued in her official capacity.  Defendants deny the remaining allegations of Paragraph 10.

11.     In response to Paragraph 11, Defendants admit Defendant Lipp is a Lieutenant with the Columbus Division of Police and that he is sued in his official capacity.  Defendants aver he was the designated Incident Commander for the January 30, 2017 demonstration that is the subject of this Complaint.

12.     In response to Paragraph 12, Defendants admit several police officers used what is commonly referred to as "pepper spray," but deny the remaining allegations.

13.     Paragraph 13 is a legal conclusion, not a factual allegation, and does not call for an admission or denial.

14.     In response to Paragraph 14, Defendants admit they are aware of reports of demonstrations against the 'Travel Ban" and in support of Muslim immigrants taking place across the country.

15.     In response to Paragraph 15, Defendants aver that a public demonstration took place in Columbus, Ohio on January 30, 2017 and that one of the apparent purposes of the demonstration was to protest the Executive Order known as the "Travel Ban."  Defendants make no other comparisons between this demonstration and demonstrations in other locations.

16.     In response to Paragraph 16, Defendants deny, based on the statements and signs of protestors, that opposition to the "Travel Ban" was the sole purpose of the demonstration that is the subject of this Complaint.  Defendants admit one of the apparent purposes was to protest the Travel Ban and to support immigrants affected by the Ban.  Defendants deny that "peaceful" is an accurate description of the entire demonstration.

17.     In response to Paragraph 17, Defendants admit the demonstration on January 30, 2017 was publicized on social media, but deny for lack of knowledge and information and because of the vagueness of the phrase how "widely" it was advertised.

18.     In response to Paragraph 18, Defendants admit at some time prior to the start of the demonstration, Defendants were made aware of it; Defendants deny for lack of information and

knowledge and the vagueness of the phrase that they knew of the demonstration "as it was being planned."

19.     In response to Paragraph 19, Defendants aver they researched to learn about, and plan for, the demonstration, in particular, to provide a safe environment for the public, including those expressing their 1st Amendment rights, and to maintain the safe flow of vehicular and pedestrian traffic.

20.     Defendants deny the allegations of Paragraph 20 in that they imply a plan to use force regardless of the circumstances.

21.     In response to Paragraph 21, Defendants aver they do not have an accurate count, but admit there were hundreds of demonstrators, perhaps eventually exceeding a thousand, who gathered in the area of the Statehouse grounds in the first hours of the demonstration. Defendants deny for lack of knowledge and information whether the demonstrators were immigrants or families, but admit there were some children among the demonstrators.

22.     Defendants deny the allegations of Paragraph 22-24 for lack of information and knowledge.

23.     In response to Paragraph 25, Defendants aver demonstrators began to gather in the area of the Statehouse grounds at approximately 5:00 p.m.  Defendants admit some demonstrators had signs, and that at various times some were standing, some chanting, and some speaking. Defendants deny for lack of knowledge and information what every demonstrator was doing. Defendants deny for lack of knowledge whether demonstrators were praying and deny for lack of knowledge the movements or whereabouts of Plaintiffs.

24.     In response to Paragraph 26, Defendants admit that around 7:30 p.m., the demonstrators, as a group, started to move from the area of the Statehouse southward on S. High Street to State Street, eventually occupying the north and south lanes near High Street and Rich Street. Defendants aver some of the demonstrators, not all, walked on the sidewalk on the east side of S. High Street.  Defendants aver the demonstrators then walked to Mound Street where they gathered at the area of the Franklin County Municipal Court.  Defendants deny for lack of knowledge and information the movements of Plaintiffs.  Defendants aver the demonstrators occupied Mound Street west of High Street, blocking vehicular traffic between S. High Street and Front Street.  Defendants aver by approximately 8:00 p.m., the demonstrators began to move northward on S. High Street, some were stating their intention on "taking the streets."  Many of the demonstrators appeared to leave the scene.  At the intersection of S. High and State Street, a group of demonstrators stopped and stood, sat, or kneeled in the middle of the street.

25.     In response to Paragraphs 27 through 29, Defendants admit that as of approximately 8:15 p.m., the group of demonstrators in the intersection who refused to move was smaller than the original group of demonstrators. Defendants deny there were fewer than a hundred demonstrators.  Defendants deny for lack of knowledge the specific movements and location of Plaintiffs.  Defendants admit several police officers were located south of the demonstrators. Defendants deny the demonstrators were blocked in by the police officers.

26.     In response to Paragraph 30, Defendants aver some of the demonstrators in the group that was stopped in the street at the intersection and on the sidewalks were facing the police officers. Defendants deny all demonstrators were singing and chanting and kneeling.  Defendants deny for lack of knowledge whether any demonstrator was praying.  Defendants deny that "peaceful" is

an accurate characterization of the demonstration at this point. Defendants aver the demonstrators in the street were blocking traffic and were violating the law.

27.     In response to Paragraph 31, Defendants admit that for about 45 minutes, from approximately 8:15 p.m. to 9:00 p.m., police officers gave the demonstrators repeated orders to disperse and leave the intersection. They were repeatedly warned that by remaining in the street they were in violation of the law and that crowd control devices, including chemical agents, could be used to move them from the area.

28.     Defendants deny the allegations of Paragraph 32.

29.     In response to Paragraph 33, Defendants admit one individual was briefly detained.

30.     In response to Paragraph 34, Defendants admit no one was arrested or charged with any crime in connection with the January 30, 2017 demonstration.

31.     In response to Paragraph 35, Defendants admit that in the course of giving warning to the demonstrators to leave the area of the intersection and get out of the street, police officers pulled out canisters of chemical mace. Defendants admit several police officers put on gas masks.

32.     In response to Paragraph 36, Defendants admit several demonstrators were yelling; some of them could have yelled, "shame." Defendants deny all the demonstrators chanted or yelled in unison.

33.     In response to Paragraph 37, Defendants admit that at approximately 9:00 p.m., police officers were directed to deploy their chemical mace above the heads of the demonstrators who had refused to comply with repeated orders to get out of the street. Defendants deny the remaining allegations of Paragraph 37.

34.     Defendants admit the allegations of Paragraph 38.

35.     In response to Paragraph 39, Defendants aver the demonstrators were yelling various things and deny they had only one voice.  Defendants admit "no hate, no fear—refugees are welcome here" was yelled or chanted by some people at various times.

36.     Defendants deny the allegations of Paragraph 40 for lack of knowledge and information.

37.     In response to Paragraph 41, Defendants admit police officers sprayed chemical mace above the crowd at approximately 9:04 p.m. Defendants deny the demonstrators lacked warnings that chemical mace would be deployed if they refused to comply with orders to get out of the street.

38.     In response to Paragraphs 42 and 43, Defendants deny the description of the pepper spray and its effect on everyone. Defendants deny all demonstrators immediately dispersed, but admit the deployment of mace was generally effective in dispersing the crowd.

39.      In response to Paragraph 44, Defendants admit MK-9 Aerosol spray and Division-issued Fox OC spray were used to disperse the protestors blocking the intersection of S. High Street and State Street.

40.     Defendants deny the allegations of Paragraph 45 through 54 as to the specific movements, or experience, of Ellen Abdur-Rahim for lack of information and knowledge. Additionally, Defendants deny the crowd of demonstrators had returned to the grounds of the Statehouse prior to the deployment of pepper spray.  Defendants admit that City of Columbus medics were at the scene and treated some demonstrators who were exposed to mace.

41.     Defendants deny the allegations of Paragraph 55 through 63 as to the specific movements, or experience, of Harrison Kallner for lack of information and knowledge. Additionally, Defendants deny the crowd of demonstrators had returned to the ground of the Statehouse prior to the deployment of pepper spray.

42.     Defendants deny the allegations of Paragraphs 64 through 73 as to the specific movements or experience of Connor Lefevers for lack of information and knowledge. Additionally, Defendants deny the crowd of demonstrators had returned to the Statehouse prior to the deployment of pepper spray.

43.     Defendants deny the allegations of Paragraphs 74 through 77.

44.     In response to Paragraph 78, Defendants restate their responses to Paragraphs 1 through 77.

45.     Defendants deny the allegations of Paragraphs 79-81.

46.     In response to Paragraph 82, Defendants restate their responses to Paragraphs 1 through 81.

47.     Paragraph 83 is not a factual allegation; it is a statement of law, not calling for an admission or denial.

48.     Defendants deny the allegations of Paragraphs 84 through 87.

49.     In response to Paragraph 88, Defendants restate their responses to Paragraphs 1 through 87.

50.     Defendants deny the allegations of Paragraphs 89 through 90.

51.     Defendants deny each allegation not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs have failed to state a cause of action upon which relief can be granted.

2.      Defendants have no liability based upon the theory of respondeat superior.

3.      Plaintiffs have failed to mitigate damages.

4.      Defendants are not liable for punitive damages in their official capacities.

5.      Plaintiffs are not entitled, or have no standing, to maintain the instant action as one for

declaratory or prospective injunctive relief.

Respectfully submitted,

CITY OF COLUMBUS, DEPARTMENT OF LAW
RICHARD C. PFEIFFER, JR., CITY ATTORNEY

s/Paula J. Lloyd
Paula J. Lloyd (0033419)
Michael R. Halloran (0089093)
Assistant City Attorneys
77 N. Front Street
Columbus, Ohio 43215
(614) 645-0808
pjlloyd@columbus.gov
mrhalloran@columbus.gov

Attorneys for Defendants City of Columbus,
Chief Jacobs, and Lieutenant Lipp

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Answer of Defendants City

of Columbus, Chief Kimberley Jacobs, and Lieutenant Jeffrey Lipp was served on Plaintiffs'

counsel Freda J. Levenson and Elizabeth Bonham, ACLU of Ohio Foundation, Inc., 4506

Chester Avenue, Cleveland, Ohio 44103 by electronic filing this 29th day of September 2017.

s/Paula J. Lloyd
Paula J. Lloyd