# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ELLEN ABDUR-RAHIM,** *et al.*,

    **Plaintiffs,**

v.

**CITY OF COLUMBUS,** *et al.*,

    **Defendants.**

**Case No. 2:17-cv-601**
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Chelsey M. Vascura**

## ORDER

This matter is before the Court on the Objection (ECF No. 44) to the Magistrate Judge's April 2, 2019 Order (ECF No. 43) filed by Defendants City of Columbus, Lieutenant Jeffrey Lipp, and Chief Thomas Quinlan (collectively "Defendants").[1] For the reasons below, the Court **OVERRULES** Defendants' Objection (ECF No. 44) and **ADOPTS** the Order. (ECF No. 43).

## I.

Plaintiffs Ellen Abdur-Rahim, Harrison Kallner, and Connor Lefevers (collectively "Plaintiffs") bring this civil rights action, alleging that on January 30, 2017, officers of the Columbus Police Department pepper-sprayed them while they participated in a peaceful demonstration (the "Demonstration") against President Trump's Executive Order 13769, known as the Travel Ban. *See* Pls.' 3rd Am. Compl. (ECF No. 31). Among other allegations, Plaintiffs bring municipal liability claims against the Defendants in their official capacities under *Monell v. Dept. of Soc. Serv.*, 426 U.S. 658, 694 (1978). To that end, Plaintiffs plead several theories of municipal liability, including: (1) the existence of an illegal policy; (2) the ratification of illegal actions; (3) a policy of inadequate training or supervision; and (4) a custom of tolerance or

---

[1] Plaintiffs also bring claims against Officer Justin Masters, Officer Aaron McDonald, and Officer John Thiel in their individual capacities. These three defendants did not join this motion.

acquiescence of federal rights violations. *See* Pls.' Third Am. Compl. at ¶¶ 20–22, 40, 82–84, 87, 93, 94.

To prosecute their *Monell* claims, Plaintiffs requested discovery regarding events that are similar to the Demonstration and that occurred after January 30, 2017. Defendants objected and the Magistrate Judge held a telephone conference on March 29, 2019. During the conference, the Magistrate Judge ordered Defendants to produce evidence of any subsequent similar events.[2] In an Order memorializing the conference, the Magistrate Judge concluded that "subsequent incidents could be probative of what policies, practices, or accepted customs existed at the time of the incident at issue, which would be relevant to Plaintiffs' *Monell* claims." Order at 2. Defendants now object to the Magistrate Judge's Order, arguing that evidence pertaining to subsequent similar events is irrelevant to establish municipal liability.

## II.

If a party objects within the allotted time to a magistrate judge's pretrial order, 28 U.S.C. § 636(b)(1)(A) provides that a district court "may reconsider [the order] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *See also* Fed. R. Civ. P. 72 (a). The "clearly erroneous" standard applies to factual findings made by the magistrate judge, while any legal conclusions are reviewed under the more lenient "contrary to law" standard. Legal conclusions are considered contrary to law only where those conclusions "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Holden v. Atos Tech. Sol.*, No. 1:14-cv-914, 2016 U.S. Dist. LEXIS 76816, at *9 n.8 (S.D. Ohio June 13, 2016) (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)).

---

[2] The parties informed the Magistrate Judge that they agreed on the parameters for determining what events qualify as "similar" in nature and scope to the Demonstration. Order at 2.

2

## III.

Defendants contend that "[d]emonstrations, protests, marches, and other gatherings that occurred after the January 30, 2017 demonstration are not relevant to show municipal liability." Defs.' Obj. at 2.

"The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). "Generally, [Rule] 26(b) enable parties to discover any unprivileged evidence or information relevant to their claim." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (citation omitted).

Federal Rule of Evidence 401 deems evidence relevant if it has "*any* tendency to make a fact more or less probable." Fed. R. Evid 401 (emphasis added). Therefore, Rule 401 "sets an extremely low bar" for relevancy. *In re Ford Motor Co. Spark Plug and 3-Valve Engine Prods. Liab. Litig.*, 98 F. Supp. 3d 919, 922 (N.D. Ohio 2014) (citing *Cambio Health Solutions LLC v. Reardon*, 234 Fed. Appx. 331, 338 (6th Cir. 2007)).

Similar subsequent incidents can be probative and material of what policies, practices, or accepted customs existed at the time of the incident at issue, which would be relevant to Plaintiffs' *Monell* claims. This is supported by case law from the 1st, 3rd, 4th, 5th, 6th, 7th, 9th, 10th, and 11th Circuits. *See Foley v. Lowell*, 948 F.2d 10, 14 (1st Cir. 1991) ("Contrary to the City's exhortation that the date an incident occurs marks the outside date for evidence-gathering on such an issue, we think that actions taken subsequent to an event are admissible if, and to the extent that, they provide reliable insight into the policy in force at the time of the incident."); *Bordanaro v. McLeod*, 871 F.2d 1151, 1156 (1st Cir. 1989) ("Post-event evidence can shed some light on what policies existed in the city on the date of an alleged deprivation of constitutional

3

right."); *Beck v. City of Pittsburgh*, 89 F.3d 966, 972 (3rd Cir. 1996) (similar subsequent events "may have evidentiary value for a jury's consideration whether the City and policymakers had a pattern of tacitly approving the use of excessive force."); *Groark v. Timek*, 989 F. Supp. 2d 378, 398 (D. N.J. 2013) ("Subsequent incidents, however, may be relevant to show a continuous pattern that supports a finding of an accepted custom or policy."); *Chalmers v. Petty*, 136 F.R.D. 399, 404 (M.D.N.C. 1991) ("Subsequent acts or conduct may be used to establish municipal liability in actions brought pursuant to 42 U.S.C. § 1983."); *Grandstaff v. City of Borger*, 767 F.2d 161, 171 (5th Cir. 1985) ("the subsequent acceptance of dangerous recklessness by the policymaker tends to prove his preexisting disposition and policy."); *Cratty v. City of Allen Park*, No. 17-11724, 2018 WL 7351683 (E.C. Mich. May 21, 2018), *affirmed* 2018 WL 3983806 (finding evidence of citizens' subsequent complaints and the city's treatment of them are discoverable for the plaintiff's claim that the city had an official policy to disregard alleged violations of citizens' rights); *Mayes v. City of Hammond*, 442 F. Supp. 2d 587, 644 n.14 (N.D. Ind. 2006) ("The Seventh Circuit has held that in some circumstances subsequent conduct taken by municipal officers may be used to prove a preexisting disposition and policy."); *Henry v. Cnty. of Shasta*, 132 F.3d 512, 519 (9th Cir. 1997), *as amended*, 137 F.3d 1372 (9th Cir. 1998) ("we reiterate our rule that post-event evidence is not only admissible for purposes of proving the existence of a municipal defendant's policy or custom, but may be highly probative with respect to that inquiry."); *Lindquist v. Arapahoe County*, No. 10CV2264, 2011 WL 3163095, at *2 (D. Colo. July 26, 2011) ("some post-incident conduct may be relevant to a showing of an unconstitutional policy, custom or practice pursuant to *Monell*"); *Martinez v. Cornell Corrs. Of Texas*, 229 F.R.D. 215, 223–24 (D.N.M. 2005) (compelling the production of evidence concerning similar claims without a timeframe and concluding that "subsequent acts or conduct

may be admissible to establish municipal liability"); *Salvato v. Miley*, 790 F.3d 1286, 1297 (11th Cir. 2015) ("To be sure, post-event evidence can shed some light on what policies existed in the city on the date of an alleged deprivation of constitutional right.").

Nevertheless, a handful of cases from the Eighth Circuit have questioned whether evidence of activity after the alleged constitutional violation can be used to establish municipal liability under § 1983. *See Doe v. Gay*, No. 2:10CV109, 2012 WL 1078004 (E.D. Ark. March 30, 2012) ("district courts within the Eighth Circuit have expressed doubts about whether evidence of activity after the alleged constitutional violation can be used to establish municipal liability"). But those cases did not reject evidence of subsequent similar events on relevancy grounds. *See id* (citing *Jenkins v. Saint Louis Cnty.*, No. 4:10CV827, 2011 WL 5868310, at *12 (E.D. Mo. Nov. 22, 2011) (questioning *Grandstaff* but not addressing the issue of the relevancy of subsequent events); *Youa Vang Lee v. Anderson*, No. 07-1205, 2009 WL 1287832, at *6 n.6 (D. Minn. May 6, 2009) (same)). When a district court in the Eighth Circuit did address the relevancy of subsequent similar events to a plaintiff's *Monell* claims, however, the court concluded that such evidence was relevant. *See Richmond v. City of Brooklyn Center*, No. 03-3195, 2005 WL 6763198, at *6 (D. Minn. April 12, 2005) (post-incident complaints and reports were relevant to demonstrate that the City and its police department continued to condone and ratify the officers' conduct.).

Only one case has held that limited subsequent similar events were not probative of the notice and acquiescence aspects of a plaintiff's *Monell* claims. *Burwell v. Peyton*, 131 F. Supp. 3d 268 (D. Vt. 2015). But at summary judgment, *Burwell* did not consider whether the subsequent event evidence was entirely barred from discovery. *Id.* at 303–04. Instead, the court concluded that post-event incidents of excessive force were not probative of whether

5

policymakers were on notice of a policy and that such evidence could not establish municipal liability solely by inference.

In sum, the clear majority of case law supports the Magistrate Judge's conclusion that subsequent incidents could be probative of what policies, practices, or accepted customs existed tat the time of the incident at issue, which would be relevant to Plaintiffs' *Monell* claims. Therefore, the Court concludes that by relying on case law from the 1st, 3rd, 4th, 5th, 6th, 7th, 9th, 10th, and 11th Circuits, the Magistrate Judge's decision was not contrary to law.

## IV.

Accordingly, the Court **OVERRULES** Defendants' Objection (ECF No. 44), **ADOPTS** the Magistrate Judge's Order (ECF No. 43), and **ORDERS** Defendants to produce responsive information regarding subsequent events to Plaintiffs' Requests for Production Nos. 1, 3, 4, 5, 6, and 10; Interrogatory Nos. 1, 2, 3, 5, and 7; and to respond to Plaintiffs' Requests for Admission.[3]

**IT IS SO ORDERED.**

4-26-2019
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The relevant Requests for Production are contained in Plaintiffs' Second Set of Requests for Production, and the relevant Interrogatories are contained in Plaintiffs' Third Set of Interrogatories.