UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ELLEN ABUDUR-RAHIM, *et al.*,

    Plaintiffs,

v.

    Civil Action 2:17-cv-601
    Chief Judge Edmund A. Sargus, Jr.
    Magistrate Judge Chelsey M. Vascura

CITY OF COLUMBUS, OHIO, *et al.*,

    Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' April 24, 2019 Motion to Dismiss the Claims of Plaintiff Connor Lefevers for Failure to Prosecute (ECF No. 47). The same day they filed their motion to withdraw, Plaintiffs' former counsel also filed a Response in Opposition to Defendants' Motion to Dismiss (ECF No. 54), requesting that any such dismissal of Plaintiff Lefevers be *without* prejudice. In support, Plaintiffs' former counsel stated that Plaintiff Lefevers' ongoing health issues have prevented him from prosecuting this case.

However, counsel failed to attach any affidavits, declarations, or other evidentiary materials upon which the Court could rely to conclude that Mr. Lefevers' health condition has prevented him from prosecuting this case. Moreover, documentation Defendants attach to their Motion to Dismiss reflects that Mr. Lefevers has been working and attending school during the pendency of this case. Accordingly, on May 23, 2019, the Court held Defendants' Motion to Dismiss the Claims of Plaintiff Connor Lefevers for Failure to Prosecute in abeyance for

fourteen days to permit Mr. Lefevers to supplement his Memorandum in Opposition (ECF No. 59).

Mr. Lefevers has not filed any documentation to supplement his Memorandum in Opposition, and his time to do so has now expired. The Court will therefore proceed with consideration of Defendants' Motion to Dismiss for failure to prosecute (ECF No. 47).

Under the circumstances, the Court concludes dismissal of Plaintiff's action with prejudice pursuant to Rule 41(b) is appropriate. The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

2

Here, the Court held a conference with the parties on April 16, 2019, to discuss Mr. Lefevers' multiple failures to appear for properly noticed depositions. (ECF No. 45.) Mr. Lefevers was first scheduled to be deposed on August 17, 2018, but cancelled the deposition the day before due to "an emergent medical issue." (Email from Plaintiffs' Counsel, ECF No. 47-1, PAGEID #283.) Mr. Lefevers again cancelled his rescheduled April 2, 2019 deposition the day before without explanation. (*Id.* at PAGEID #290.) Noting that the discovery deadline had already been extended twice, the Magistrate Judge Vascura ordered Mr. Lefevers to appear for his deposition on either April 23 or April 24, 2019, as those were the only dates all counsel identified as available prior to the expiration of discovery. (Order 2, ECF No. 45.) Judge Vascura cautioned that "[s]hould Mr. Lefevers fail yet again to appear for his deposition, Defendants may move to dismiss his claims for failure to prosecute." (*Id.*)

Following the conference, Defendants' counsel noticed Mr. Lefevers' deposition for April 24, 2019. On April 19, 2019, Plaintiffs' counsel informed Defendants' counsel that Mr. Lefevers would not appear for his deposition on April 24 "for the same ongoing reasons as in prior instances." (Email from Plaintiffs' counsel, ECF No. 47-3.) Defendants thereafter moved to dismiss Mr. Lefevers' claims for failure to prosecute. (ECF No. 47.)

Plaintiffs' counsel filed a memorandum in opposition, asserting that "[o]ngoing health issues have in the past and continue to prevent Mr. Lefevers from sitting for a deposition in this case." (Resp. 1, ECF No. 54.) As a result, they asked that any dismissal of Mr. Lefevers' claims be without prejudice. (*Id.* at 2–4.) However, Defendants point out that Plaintiffs' counsel previously requested accommodation of Mr. Lefevers' work and school schedule when noticing depositions. (Email from Plaintiffs' counsel, ECF No. 47-1, PAGEID #287–88.) If Mr. Lefevers' health issues have not prevented his attendance at work and school, it seems unlikely

3

they would prevent him from sitting for his deposition. Neither Plaintiffs' counsel nor Mr. Lefevers himself have submitted any evidence of health issues that would have prevented his cooperation in being deposed despite direction from the Court to do so.

Having failed to appear for his deposition as ordered by the Court and having failed to provide any substantive explanation for his failure to appear at any of his three properly-noticed depositions, despite caution from the Court that his claims were at risk of dismissal, the Court concludes that no alternative sanction would protect the integrity of the pretrial process. Defendants' Motion to Dismiss the Claims of Plaintiff Connor Lefevers for Failure to Prosecute (ECF No. 47) is therefore **GRANTED**, and Mr. Lefevers' claims are **DISMISSED WITH PREJUDICE**. The Clerk is **DIRECTED** to **TERMINATE** Officer Aaron McDonald as a Defendant.

**IT IS SO ORDERED.**

7-1-2019
EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE